RECORD NUMBER: 13-4991

# United States Court of Appeals

*for the*

# Fourth Circuit

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

**BIDCAR EDUARDO OROZCO OROZCO, a/k/a Bidcar Eduardo Orosco, a/k/a Bidcar Ezer Orozco-Orozco, a/k/a Jesus Miguel Sosa, a/k/a Eric Castro, a/k/a Erik Rodriguez Castro, a/k/a Castillo Erik Rodriguez, a/k/a Ruben Matias Calmo Porfirio, a/k/a Justo Pastor Padilla,**

*Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA AT GREENSBORO

## OPENING BRIEF OF APPELLANT

SANDRA BAUGHN JELOVSEK
LAW OFFICE OF SANDRA BAUGHN
  JELOVSEK
3520 Honeywood Drive
Johnson City, TN 37604
(423) 283-0450

*Counsel for Appellant*

CP  COUNSEL PRESS • VA – (800) 275-0668

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................... i

TABLE OF AUTHORITIES ......................................................... iii

STATEMENT OF SUBJECT MATTER AND APPELLATE
JURISDICTION .......................................................................... 1

STATEMENT OF THE ISSUES ................................................... 1

STATEMENT OF THE CASE ...................................................... 2

      STATEMENT OF FACTS................................................... 3

SUMMARY OF ARGUMENT ..................................................... 5

ARGUMENT ............................................................................... 7

    I.   THE RECORD SUPPORTS THAT MR. OROZCO'S
       PLEA OF GUILTY WAS KNOWING AND
       VOLUNTARY............................................................... 7

    II.  THE RECORD SUPPORTS THAT MR. OROZCO'S
       PRIOR FELONY CONVICTION QUALIFIES AS AN
       AGGRAVATED FELONY WITHIN THE MEANING
       OF 8 U.S.C. § 1326(B)(2)............................................ 12

    III. THE RECORD SUPPORTS THAT MR. OROZCO'S
       SENTENCE WAS PROCEDURALLY AND
       SUBSTANTIVELY REASONABLE. ....................... 15

    IV. OVERALL  REVIEW OF RECORD ......................... 18

CONCLUSION ......................................................................... 19

POSITION REGARDING ORAL ARGUMENT ....................... 19

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**U.S. Supreme Court Cases:**

*Anders v. California*, 386 U.S. 728 (1967) ........................................ 1, 3, 5, 19

*Brady v. Maryland*, 373 U.S. 742 (1970) ........................................ 8

*Gall v. United States*, 552 U.S.38 (2007) ...................................... 15

*McCarthy v. United States*, 394 U.S. 459 (1968) ........................... 8

*Sanchez-Llamas v. Oregon*, 548 U.S. 331 (2006) ........................ 18

**U.S. Court of Appeals Cases:**

*Nai Cheng Chen v. IN*S, 557 F. 2d 566 (1st Cir. 1976) ................. 18

*United States v. Abu Ali*, 528 F. 3d 210 (4th Cir. 2008) ............... 15

*United States v. De Fusco*, 449 F. 2d 114 (4th Cir. 1991, *cert. denied*, 503 U.S. 997 (1992) ...................................................................... 8

*United States v. Goins*, 51 F. 3d 400 (4th Cir. 2002) ................... 7, 8

*United States v. Johnson*, 1 F. 3d 296 (5th Cir. 1993) (*en banc*). ................. 8

*United States v. Martinez*, 277 F. 3d 517 (4th Cir. 2002) ............. 8

*United States v. Montes-Pineda*, 445 F. 3d 375 (4th Cir. 2006) .................. 16

*United States v. Osborne*, 514 F. 3d 377 (4th Cir. 2008) ............. 12

*United States v. Susi*, 674 F. 3d 278 (4th Cir. 2012) .................... 15

**Constitutional Provisions:**

Due Process Clause of the Fifth Amendment ................................. 1

iii

**Federal Statutes**

8 U.S.C. § 1101 (43) ................................................................ 13

8 U.S.C. §1326.................................................................... *passim*

8 U.S.C. § 1326(B)(2)........................................................ 1, 6, 12, 15

18 U.S.C. § 16 ...................................................................... 13

18 U.S.C. § 3231 ..................................................................... 1

18 U.S.C. § 3232 ..................................................................... 1

18  U.S.C. § 3553(a) .......................................................... *passim*

28 U.S.C. § 1291 ..................................................................... 1

**Federal Rules**

Fed. R. App. Proc. 4(b) ............................................................. 1

Fed. R. Crim. Proc. 11 ........................................................ *passim*

**United States Sentencing Guidelines**

U.S.S.G. § 2L1.2(b)(1)(A)(ii) .................................................... 16

**Treaties**

Vienna Convention, Article 36 .................................................... 18

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

Bidcar Orozco-Orozco appeals his conviction and sentence following his plea of guilty and conviction for violation of 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(B)(2) which statutes prohibit and penalize reentry of an alien following deportation for conviction of an aggravated felony. Final judgment was entered on December 23, 2013 in the United States District Court for the Middle District of North Carolina at Greensboro. Mr. Orozco filed timely notice of appeal on December 27, 2013. The District Court had jurisdiction under 18 U.S.C. § 3231 and 18 U.S.C. § 3232. This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and Fed.R.App.Proc. 4(b).

## STATEMENT OF THE ISSUES

Counsel has carefully reviewed the record, has determined that there are no meritorious grounds for direct appeal, and files this brief pursuant to *Anders v. California*, 386 U.S. 728 (1967). Counsel carefully examined possible issues as follows:

I.     Whether Mr. Orozco's plea of guilty was entered knowingly and voluntarily as protected by the Fifth Amendment.

II.    Whether Mr. Orozco's prior felony qualifies as an aggravated felony within the meaning of 8 U.S.C. § 1326 (B)(2).

1

III.    Whether Mr. Orozco's sentence at the top of his applicable guideline range was procedurally and substantively reasonable.

IV.    The overall record in the district court.

## STATEMENT OF THE CASE

Mr. Orozco was indicted on May 30, 2013 by a federal grand jury sitting in the middle district of North Carolina for illegal reentry into the United States following prior deportation subsequent to a conviction for the commission of an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2). [R. 1, Indictment]   On July 11, 2013 he entered a plea of guilty pursuant to a written Plea Agreement.  With Mr. Orozco's approval, the Plea Agreement was amended at the change of plea hearing to add a signature date. [R. 12,  Amended Plea Agreement; R. 22, Tr. Change of Plea, pgs. 6-8] The Plea Agreement did not require and Mr. Orozco did not waive his right to appeal.  [Id.]

A sentencing hearing was held on November 27, 2013 following which the district court sentenced Mr. Orozco to 96 months imprisonment, the top of his adjusted Guidelines range.  [R. 23, Tr. Sentencing,  pg. 8] Final judgment was entered on December 23, 2013 and Mr. Orozco filed timely notice of appeal on December 27, 2013. [R. 13, 14]

2

Undersigned counsel has obtained and examined the court record in this case, including the Presentence Report and transcripts of the change of plea and sentencing hearings.  For the reasons that follow, counsel has concluded that there are no issues with arguable merit and further proceedings would be frivolous within the meaning of *Anders v. California*, 386 U.S. 738 (1967).

**Statement of Facts**

Mr. Orozco is a native and citizen of Guatemala.  He first entered the United States in October 1999 at age 17.  Between 1999 and 2009 he used multiple names and was convicted of several misdemeanors in Florida, Virginia, and North Carolina. [PSR 4, 6-12, 17]  On March 5, 2009 he was convicted of Felony Assault with a Deadly Weapon Inflicting Serious Injury in the Durham County Superior Court of Durham, North Carolina and sentenced to 27 to 42 months imprisonment. [PSR 13]  He was released from imprisonment to immigration officials on July 6, 2011 and subsequently deported on August 17, 2011. [R. 10, Factual Basis at 1-2; PSR 13, 4]  Mr. Orozco returned to the United States in 2011, a month after he was deported, without applying for or obtaining permission. [R. 10 Factual Basis at 2;  PSR 5]

3

On April 25, 2013, Mr. Orozco was arrested by the Aberdeen Police Department in Moore County, North Carolina on unrelated state charges. Fingerprints taken pursuant to the arrest were entered into the integrated Automated Fingerprint Identification Systems which returned a positive match to a previously deported alien.  This brought the appellant to the attention of agents with the Department of Homeland Security's Immigration and Customs Enforcement (ICE).  Their review of the appellant's immigration file revealed that he had been previously deported from the United States to Guatemala on or about August 17, 2011.   A search of ICE databases showed that Mr. Orozco had not sought the permission of the United States Attorney General, or his successor, the Secretary of the Department of Homeland Security to reenter the United States.  [R. 10, Factual Basis at 1-2]

On the day of his arrest, ICE agents telephonically interviewed Mr. Orozco in the Moore County jail at which time he admitted that he was a citizen of Guatemala and that he had previously been removed from the United States.  ICE agents again fingerprinted and interrogated Mr. Orozco in person on May 15, 2013 in the Moore County jail.  During this interview Mr. Orozco waived his Miranda rights and gave a written statement in which he admitted that he was a native and citizen of Guatemala, that he had

4

previously been removed from the United States in 2011, and that he had returned to the United States a month after he was deported without applying for permission to reenter. The appellant's fingerprints taken on that day were again found to match the fingerprints in his deportation records of August 17, 2011. [Id. at 3]

On May 23, 2013 Mr. Orozco was transferred to immigration administrative custody. His indictment on the instant charge was returned shortly thereafter on May 30, 2013, following which he was transferred into federal custody on June 4, 2013. [PSR 1]

## SUMMARY OF ARGUMENT

Counsel carefully reviewed the district court record in search of possible meritorious issues and finding none now submits this *Anders* brief. The standard of review for an *Anders* submission is *de novo* review of the entire record. *Anders*, 386 U.S. 738.

Noting the obvious language, cultural, and educational barriers, counsel first considered whether the appellant's plea was knowing and voluntary. Mr. Orozco entered a written Plea Agreement. The Rule 11 plea colloquy met and exceeded the requirements of the law with Mr. Orozco stating unequivocally that he understood the Plea Agreement and the plea. However, counsel notes the repeated advisement of significantly lower

maximum statutory penalties in the plea agreement and during the Rule 11 plea colloquy could have misled Mr. Orozco to believe that the district court might sentence him to as low as the 2 year maximum sentence rather than up to the 20 year maximum penalty to which he was subject based upon the facts and his plea agreeing to 8 U.S.C. § 1326(B)(2). However, the record clearly shows that the Plea Agreement and the court advised Mr. Orozco, and he stated that he understood, that the court could find he was also subject to the applicable 20 year maximum sentence. Mr. Orozco did not challenge his plea in the district court and because he was advised of the correct maximum penalty, he would not be able to show prejudice on plain error review.

Mr. Orozco also did not dispute in the district court that his prior conviction qualified as an aggravated felony to enhance his sentence pursuant to 8 U.S.C. § 1326(B)(2). Upon review, it appears to counsel that Mr. Orozco's prior conviction for Felony Assault with a Deadly Weapon Inflicting Serious Bodily Injury clearly meets the definition of aggravated felony for purposes of applying the enhanced penalty under 8 U.S.C. § 1326(B)(2).

Next, counsel examined the reasonableness of the appellant's

sentence. Finding no procedural or substantive errors, counsel concluded

that a challenge to the sentence would be frivolous.

Finally, in looking at the case overall, counsel questioned a possible

issue relating to the appellant's admissions during the first interrogation by

an ICE agent prior to the advisement of his Miranda rights.  However, the

appellant's pre-Miranda admission that he was a citizen of Guatemala and

that he had previously been removed from the United States does not appear

to have caused any prejudice. These facts were independently established

through fingerprinting and immigration databases.  The government could

easily prove the elements of the offense beyond a reasonable doubt without

the pre-Miranda admissions.

## ARGUMENT

### I.    The record supports that Mr. Orozco's plea of guilty was knowing and voluntary.

#### <u>Standard of Review</u>:

The voluntariness of a guilty plea is a mixed question of fact and law

that this court typically reviews *de novo.*  The court determines whether the

defendant's knowledge and comprehension of the information given would

have likely affected his willingness to plead guilty.  *United States v. Goins*,

51 F. 3d 400, 402 (4th Cir. 2002), citing *United States v. Johnson*, 1 F. 3d 296, 302 (5th Cir. 1993) (*en banc*).  Any  violations of Rule 11 are evaluated under a harmless error standard.  *Id.*  ; *United States v. De Fusco*, 449 F. 2d 114, 117 (4th Cir. 1991, *cert. denied*, 503 U.S. 997(1992).  If a challenge to the plea is not raised in the district court, the issue must survive  plain error review on appeal.  *United States v. Martinez*, 277 F. 3d 517, 524-26 (4th Cir. 2002).

### Discussion:

 A defendant's guilty plea that is not knowing  and voluntary is a violation of his right of due process and is therefore void.   *McCarthy v. United States*, 394 U.S. 459, 466 (1968); *Brady v. Maryland*, 373 U.S. 742 (1970).  In *McCarthy*, the Court held that a plea cannot be deemed voluntary unless the defendant understands the law in relation to the facts of the case.

Mr. Orozco entered into a written plea agreement with the government.  The plea agreement stated among other things the charge, the code sections violated, all possible penalties for  violation of all sections of 8 U.S.C. § 1326, and that his attorney had explained the elements of the offense.  The agreement stated that Mr. Orozco understood that his sentence would be determined at sentencing by the court subject to statutory maximum penalties and upon consideration of the applicable sentencing

8

Guidelines and the sentencing factors set forth in 18 U.S.C. § 3553(a). [R. 12, Amended Plea Agreement]

At the change of plea hearing an interpreter was provided throughout the proceeding. Mr. Orozco was duly sworn and the district court conducted a Rule 11 colloquy. Through the interpreter the court made specific and detailed inquiries of Mr. Orozco's understanding of the terms of the plea agreement and the implications of his plea of guilty. Mr. Orozco stated that he could speak some English but could not write English or understand the proceedings in English. He stated that he was not under the influence of any drugs, alcohol, or medication. [R. 22, Tr. Plea Hearing at 3, 4] He stated that the indictment had been given to him in his native language and read to him by the interpreter, that he had discussed it fully with his attorney, including any defenses, that he had sufficient time to go over the agreement and that he understood it. He stated that he had not read the Plea Agreement but that it had been read to him by an interpreter and explained to him by his attorney and that he was satisfied with his attorney's services. [*Id*. at 5, 6] At the court's request, Mr. Orozco's attorney then reviewed the terms of the plea agreement in open court which were translated by the interpreter. Mr. Orozco stated that he understood the Plea agreement, and that he had had sufficient opportunity to discuss it with his attorney. Mr. Orozco further

9

stated that he understood that the court could impose a sentence that was more severe than he hoped, that no one had made any threats nor any promises other than those set forth in the plea agreement, that no one had attempted to force him to plead guilty, that he understood that he could be deported as a result of pleading guilty, and that he had no questions. [*Id.* at 8-10, 12]

The court reviewed the various maximum penalties set forth in the statute and Mr. Orozco stated that he understood all the possible penalties and consequences of the plea. [*Id.* at 12-14] Mr. Orozco stated that he understood that the government would have to prove each element of the offense beyond a reasonable doubt if he went to trial and he stated that he understood that he was giving up the stated rights by pleading guilty. [*Id.* at 14-16] Mr. Orozco stated that he was pleading guilty because he was in fact guilty of the charged offense. [*Id.* at 18] Finally, Mr. Orozco stated that he had reviewed the factual basis supporting the plea with his attorney and through the interpreter. Mr. Orozco stated that he agreed with the factual basis that specifically stated that he had been convicted of a felony offense of Assault with a Deadly Weapon Inflicting Serious Injury, that he had been deported, and that he had reentered the United States without seeking permission to do so. [*Id.* at 19]

On conclusion of the Rule 11 colloquy, the court found that the factual basis provided an independent basis in fact for each of the elements of the offense, accepted Mr. Orozco's plea, and adjudged him guilty of the offense. [*Id*. at 19]

Counsel notes that the repeated advising of the 2 year and 10 year penalties of §§ 1326(a) and (B)(1)  could have been confusing and could have mislead Mr. Orozco to think he could possibly receive a lesser sentence than he was actually facing.  The nature of the prior conviction qualified and Mr. Orozco had admitted in his factual basis to the facts of a prior conviction for an aggravated felony for which he was previously deported.  Yet Mr. Orozco was informed multiple times that the court could find that he could be subject to the lesser maximum penalties.  There is nothing in the Rule 11 colloquy or the record to indicate that Mr. Orozco was informed or understood that the lesser maximum penalties did not apply to him and that by pleading to the indictment and agreeing to the factual basis, the 20 year mandatory minimum would in fact be the penalty that would apply.  With the repetition of the other penalties, Mr. Orozco could reasonably understand that the court could or might sentence him to the 2 year maximum sentence.

However, Mr. Orozco was also informed and indicated that the understood that the court could find he was subject to the maximum penalty

of up to 20 years under § 1326(B)(2). Thus, he cannot show the necessary

prejudice for plain error review. Based upon the court's advising of the

applicable 20 year maximum penalty as well as the court's thorough inquiry

and Mr. Orozco's answers to the Rule 11 colloquy that he understood,

undersigned counsel does not believe that she can make a meritorious

argument that his plea of guilty was unknowing or involuntary or otherwise

invalid.

**II.    The record supports that Mr. Orozco's prior felony conviction qualifies as an aggravated felony within the meaning of 8 U.S.C. § 1326(B)(2).**

**<u>Standard of review</u>**

This court reviews *de novo* the district court's legal decisions

regarding a statutory sentencing enhancement and statutory

construction. *United States v. Osborne*, 514 F. 3d 377, 387 (4th Cir. 2008).

**<u>Discussion</u>**

Mr. Orozco was charged with and pled guilty to violation of 8 U.S.C.

§1326(a) and (B)(2). The statute states:

> §1326 Reentry of removed felons
> (A) IN GENERAL
>     Subject to subsection (b) of this section, any alien who –
>     (1)  has been denied admission, excluded, deported, or
>          removed or has departed the United States while an order

12

of exclusion, deportation, or removal is outstanding and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation  at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission…

shall be fined under title 18, or imprisoned not more than 2 years , or both.

(B) CRIMINAL PENALTIES FOR REENTRY OF CERTAIN REMOVED ALIENS

Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection –

(1)whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under title 18, imprisoned not more than 10 years, or both;

(2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both; . . .

8 U.S.C. § 1326.

An aggravated felony is defined in 8 U.S.C. § 1101 (43) (among other things) as "(F) a crime of violence as defined in section 16 of title 18."

Finally, 18 U.S.C. § 16 defines crime of violence as

(a)  an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another….

13

18 U.S.C. § 16.

In October 2008 Mr. Orozco was charged in Durham, North Carolina with Felony Assault with a Deadly Weapon with Intent to Kill Inflicting Serious Injury, a Class C felony.  He was represented by counsel and entered a plea of guilty to the lesser included offense of Felony Assault with a Deadly Weapon Inflicting Serious Injury, a Class E felony.[1]  He was convicted and sentenced in March 2009 to 27 to 42 months imprisonment. He was released to immigration officials on July 6, 2011 and deported on August 17, 2011.

This state conviction meets the federal statutory definitions and elements of aggravated felony and crime of violence set forth above.  Mr. Orozco did not object to his Presentence Report and the fact of the prior convictions,  but at sentencing, he did propose to the court that his criminal history category was overstated because many of his misdemeanors and  the prior felony conviction were the result of best interest pleas and he really was not guilty of the offenses.  [R. 23, Tr. Sentencing at 5]  Mr. Orozco was

---

[1] N.C.G.S. 14-32:  Felonious assault with deadly weapon with intent to kill or inflicting serious injury:  punishment. (a) Any person who assaults another person with a deadly weapon with intent to kill and inflicts serious injury shall be punished as a Class C felon.  (b) Any person who assaults another person with a deadly weapon and inflicts serious injury shall be punished as a Class E felon. (c) Any person who assaults another person with a deadly weapon with intent to kill shall be punished as a Class E. felon.

represented by counsel in the prior felony conviction and counsel found

nothing in the record or any legal authority to support an argument that the

prior state conviction for assault inflicting serious injury was not valid or

does not qualify to support the penalty provision of 8 U.S.C. § 1326(B)(2).

## III.    The record supports that Mr. Orozco's sentence was procedurally and substantively reasonable.

### Standard of Review

The court reviews a sentence for reasonableness applying an abuse of

discretion standard.  *United States v. Susi*, 674 F. 3d 278, 282 (4th Cir. 2012).

The court first determines whether the district court committed a significant

procedural error, such as failing to calculate or inaccurately calculating the

applicable Guidelines range, treating the Guidelines as mandatory,  failing to

consider the required sentencing factors under 18 U.S.C. § 3553(a), basing

the sentence on clearly erroneous facts or failing to explain the sentence

adequately.  *Id*. at 282, citing *Gall v. United States*, 552 U.S.38, 51 (2007).

If there is no procedural error, the court next considers the substantive

reasonableness of the sentence taking into account the totality of the

circumstances.   If the sentence falls within the appropriate Guidelines range,

it is presumed to be reasonable.   *United States v. Abu Ali*, 528 F. 3d 210,

261 (4th Cir. 2008).  The appellant may rebut the presumption by a showing

15

the sentence is unreasonable in consideration of the § 3553 (a) factors.

*United States v. Montes-Pineda*, 445 F. 3d 375, 379 (4th Cir. 2006).

Counsel has examined Mr. Orozco's Presentence Report and can find no error in the calculation of the applicable sentencing Guidelines.  His base offense level started at level 8, but was increased by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii)  due to a prior conviction for a crime of violence for which the defendant  received criminal history points, that being the March 2009 conviction for Felony Assault with a Deadly Weapon Inflicting Serious Bodily Injury for which he was previously deported.  Counsel cannot make a non-frivolous argument that this was not a correct application of the Guidelines.  With a three level reduction for acceptance of responsibility, Mr. Orozco's adjusted  base offense level was properly calculated at 21.

Counsel also reviewed each of the prior convictions in the Presentence Report and could find no error in the assigning and calculation of the appellant's criminal history points totaling 13 points and his Criminal History category of VI.  With a Base Offense Level of 21, Criminal History Category VI, the appellant's applicable Guideline sentence range was properly calculated at 77-96 months to be followed by three years of supervised release.

At sentencing, the district court indicated that it had considered the applicable sentencing Guidelines, all matters of record, and all of the sentencing factors set forth in 18 U.S.C. § 3553(a).  [Rec. 23, Tr. Sentencing Hearing, p. 8].  While at the top, the sentence was still within the applicable Guidelines range.  To support the sentencing at the top of the range, the district cited among other things that the appellant had been deported and was found back in the United States a little over a year later committing another crime.  The court cited to the appellant's  extensive criminal history including multiple convictions for driving under the influence and use of multiple alias.  The court pointed to Mr. Orozco's prior aggravated felony conviction as well as the assault on the officer at the time of that offense, as well as his other misdemeanor  convictions for crimes of assault.  These included a conviction for throwing a 12 inch knife at a handicapped person in a wheelchair and the assault of another individual with a broken bottle and potato peeler where he cut the person across the arm, face, and shoulder.  The court found that the appellant was a danger to other persons who for whatever reasons could not control his actions.  [*Id*. at 8-10]

In summary, counsel could not find errors in the district court's calculation of Mr. Orozco's applicable Guideline sentence range.  The sentence of 96 months is within the applicable guideline range and is

17

presumptively reasonable.   The district court considered the sentencing

factors under § 3553(a) and articulated factual reasons for its imposition of a

sentence at the high end of the Guidelines range.

## IV.    Overall  Review of Record.

It has been held that Miranda warnings are not required before

questioning in the context of a civil deportation hearing and statements are

admissible at the deportation hearing.   *Nai Cheng Chen v. INS*, 557 F. 2d

566, 568 (1st Cir. 1976).   However, in the case at hand, the appellant was

clearly arrested and was being held on state criminal charges when he was

interviewed by ICE officials the day of his arrest when he made pre-Miranda

statements that he was a citizen of Guatemala and that he had previously

been deported.  While the pre-Miranda questioning is bothersome, it appears

to counsel that even if these statements were suppressed, the independent

evidence was sufficient to prove beyond a reasonable doubt the elements of

the instant federal criminal offense for which he was subsequently charged.

Counsel also notes that the record does not indicate whether  Mr.

Orozco was informed following his arrest of his right under the Vienna

Convention, Article 36, to have the Consulate of Guatemala notified of his

arrest.  However, pursuant to *Sanchez-Llamas v. Oregon*, 548 U.S. 331

(2006), any evidence obtained in violation of the Vienna Convention is still admissible.

## CONCLUSION

After careful review of the entire record and the failure to find any meritorious issues for direct appeal, undersigned counsel submits this brief pursuant to *Anders v. California.*

## POSITION REGARDING ORAL ARGUMENT

In light of this *Ander's* brief, counsel for Mr. Orozco does not request oral argument, unless the court determines it would aid the decisional process.

Respectfully submitted on this the 31st day of  March , 2014, by


/s/ <u>*Sandra B. Jelovsek*</u>

Sandra B. Jelovsek
ATTORNEY AT LAW
NC Bar No. 17979
VA Bar No.  33878
3520 Honeywood Drive
Johnson City, TN 37604
(423) 283-0450

*Counsel for Appellant*
*Bidcar Orozco-Orozco*

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**No.** 13-4991          **Caption:** United States v. Bidcar Orozco Orozco

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [✓]  this brief contains _____4,092_____ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ]  this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ ]  this brief has been prepared in a proportionally spaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*]; **or**

   [ ]  this brief has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) Sandra B. Jelovsek _____

Attorney for Appellant _____

Dated: 3/31/2014 _____

# CERTIFICATE OF SERVICE

I certify that on <u>March 31, 2014</u> the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Kyle David Pousson
OFFICE OF THE U.S. ATTORNEY
4th Floor
101 South Edgeworth Street
Greensboro, NC 27401-0000
336-333-5351
USANCM.ECFCENTRAL@usdoj.gov

/s/ Sandra B. Jelovsek
_____
Signature

March 31, 2014
_____
Date